IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                          Criminal No. 10-0092

MATTHEW DUDDY,                                              **ELECTRONICALLY FILED**

    Defendant.

**MEMORANDUM ORDER**

Before the Court is Defendant's *pro se* motion to have the Court recuse itself from this case and to have his attorney withdraw as his representative. ECF 68. The Government filed a response to same. ECF 74. Defendant requested, and was granted, leave to file a reply to the Government's response, and did so. ECF 77. The matter, now being ripe for adjudication, and for the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

**I. Factual and Procedural Background**

Defendant was indicted on May 18, 2010, and charged with one count of possession of child pornography. ECF 2. During this period of time, Defendant was one of the many individuals who utilized the Gnutella network to share images of child pornography. ECF 24, ¶ 6. The Pennsylvania State Police were conducting an online undercover investigation when they noticed 22 files containing child pornography downloaded from a computer connected to the internet from Defendant's IP address. Id.

Defendant admitted to utilizing "limewire software" to access the Gnutella network, and he further admitted to downloading, viewing and burning to CDs, the images of child pornography. ECF 24, ¶ 9. Defendant told the police that he probably downloaded 10 movie

files, several hundred picture files, and the youngest victim he would have viewed would have been a seven-year-old boy. Id.  Upon examining Defendant's computer, the troopers did not discover any images of child pornography; however, upon examining Defendant's CDs and DVDs, troopers discovered 39 child pornography movies and 26 images of child pornography. ECF 24, ¶ 10.  Because each of the 39 videos was considered to have 75 images per video, the total number of images in Defendant's possession was determined to be 2,951 images of child pornography. ECF 24 ¶ 18.

On December 20, 2010, Defendant pled guilty to the single count of possession of child pornography and was sentenced the same day to serve a 41-month term of imprisonment followed by a 25-year term of supervised release, along with a $7,500.00 fine. ECF 35 and ECF 35.  Defendant filed an appeal of this sentence to the United States Third Circuit Court which was voluntarily dismissed. ECF 36 and ECF 39.  Ultimately, Defendant paid the fine and served his term of imprisonment and he was released on supervised release on or about December 17, 2013. Inmate Locator (bop.gov).

While on supervised release, Defendant has had a total of six incidents -- two incidents in 2014, two incidents in 2018, and two incidents in 2025 -- where his urine tested positive for cannabinoids. ECF 44, ECF 46, ECF 49, ECF 51, ECF 64, ECF 66.  Defendant has had no other transgressions related to the terms of his supervised release.

## II. Standard of Review/Relevant Law

### A. Defendant's Motion to Terminate his Current Counsel as his Representative

District Courts are required to inquire as to the reason for Defendant's request to terminate his counsel. *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995).

Defendant's request "need not be granted unless "good cause" is shown for the defendant's dissatisfaction with his current attorney" and "good cause" is defined as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney. *Id.*

**B. Defendant's Motion for Recusal**

Title 22 of the United States Code provides:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; . . .

28 U.S.C.A. § 455.

In addition to statutory law, the United States Court of Appeals for the Third Circuit has held:

> Biases stemming from facts gleaned during judicial proceedings themselves must be particularly strong in order to merit recusal. "A favorable or unfavorable predisposition can ... deserve to be characterized as 'bias' or 'prejudice' [when] even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." *Liteky,* 114 S.Ct. at 1155. In such situations, then, the court's actions must "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 114

> S.Ct. at 1157. By the statutory language itself, though, section 455(a) mandates an objective rather than a subjective inquiry.

*United States v. Antar*, 53 F.3d 568, 574 (3d Cir. 1995).

**III. Analysis**

    **A. Motion to Terminate his Current Counsel as his Representative**

Turning to the instant matter, Defendant's instant motion alleges that his retained counsel failed to properly assist him with respect to his previously filed motion for early termination of supervised release. ECF 68, p.1. Defendant alleges that his counsel (John P. Senich, Jr.) was brought before the Disciplinary Board of the Supreme Court of Pennsylvania for his conduct in relation to this case and received a public reprimand from the Disciplinary Board. ECF 68, p. 1-2.

In support of his allegations, Defendant's Complaint to the Disciplinary Board was attached to the instant motion and Defendant contends that his complaint formed the basis for the public sanctioning of Attorney Senich. ECF 68, p. 2. Defendant argues that his actions related to bringing Attorney Senich before the Disciplinary Board and the outcome of his complaint to the Disciplinary Board has created an irreconcilable conflict between Defendant and his attorney[1], resulting in a total breakdown in their attorney-client relationship.

The Court takes judicial notice that John Paul Senich, Jr. has, in fact been publicly reprimanded by the Disciplinary Board of the Supreme Court of Pennsylvania. See, Senich, John Paul, Jr., last visited August 7, 2025. Moreover, the Opinion of the Disciplinary Board,

---

[1] Defendant also alleges that after the public reprimand was issued, Attorney Senich told Defendant Alexander Linsdsay, Jr., another attorney at Senich's law firm, instructed him on how to handle a certain aspect of Defendant's motion for early termination of supervised release. As a result, Defendant claims his trust and relationship with the entire law firm is beyond repair.

4

explaining its reasons for Attorney Senich's public reprimand does rely, in part, on Attorney Senich's conduct in relation to Defendant's previously filed motion for early termination of supervised release. Scan - Inbox #007, last visited August 7, 2025.  Thus, this Court finds as fact that Defendant's relationship with his counsel has been completely broken in such a manner that it is not salvageable, and therefore, concludes that Defendant has demonstrated "good cause" for discharging his attorney.  Accordingly, the Court **GRANTS** the portion of Defendant's instant *pro se* motion whereby Defendant seeks to have his current attorneys withdraw their representation of Defendant.

### B. Motion for Recusal

Although Defendant suggests no "actual bias" exists on the Court's part in the instant matter, Defendant asserts that the "appearance of impropriety" exists, thus requiring a recusal. Defendant's basis for this part of his motion is predicated largely on various private conversations he had in the past with his [now terminated] legal counsel. In support of his contentions, Defendant alleges that his attorneys told him:

- "[Attorney] Lindsay had a 'great relationship' with Judge Schwab. ECF 68, p. 2.
- Attorney Lindsay and Judge Schwab can be viewed as simpatico given their "concurrent appointments [of Judge Schwab and Attorney Lindsay] by President George W. Bush and their political alignment [as Republican Party members]." ECF 68, p. 2.
- "Judge Schwab would never grant early termination to a sex offender." ECF 77, p. 6.

In addition to the above statements, all of which Defendant credits to his [now former] attorneys, Defendant also suggests an appearance of impropriety exists because this Court has recused in other cases – notably cases involving the federal public defenders' office – and has

5

been asked to do so in two other non-related cases. ECF 77, p. 5. Thus, for these reasons, Defendant contends the Court should recuse.

The Court begins by noting that Judge Schwab was, in fact, nominated to serve as an United States District Judge for the Western District of Pennsylvania by former United States President, George W. Bush. The Court is unaware of any appointment or nomination former President Bush bestowed upon Attorney Lindsay.[2] Furthermore, the Court has no relationship with Attorney Lindsay other than that of Judge and Attorney. Moreover, even though Attorney Lindsay served as an Assistant United States Attorney in the Western District of Pennsylvania, he served in that role from August of 1975 through July 1980. Following his nomination by former President George W. Bush, Judge Schwab was sworn into office for the United States District Court of the Western District of Pennsylvania on January 1, 2003. Thus, the facts that Former President Bush did not appoint Attorney Lindsay to a role within the federal government, and the 23-year gap between the time Attorney Lindsay served as an AUSA and the date Judge Schwab was sworn into office, belies any claim Defendant may make with respect to a camaraderie formed out of political appointments.

Next, Defendant proffered no evidence that this Court prejudges "classes of defendants" – presumably defendants, such as Defendant in this case, who have committed sex offenses against children. Finally, this Court has recused when appropriate to do so in various cases. Here, the Court does not find any legal basis upon which it should or must recuse. In short, there

---

[2] At one point early in his career, Attorney Lindsay served as an Assistant United States Attorney. Former federal prosecutor from Butler County hired to prepare last-ditch motion for Sandusky | TribLIVE.com, last visited August 7, 2025. A person serving as an Assistant United States Attorney is not a position a United States President appoints.

6

is no inherent bias nor any appearance of impropriety. Accordingly, the Court will remain unbiased and **DENIES** the portion of Defendant's motion seeking recusal.[3]

SO ORDERED, this 8th day of August, 2025.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties

---

[3] Defendant, in his reply to the Government's response (ECF 77), also advances [re-]arguments as to why his term of supervised release should be terminated early. As these arguments are not properly before the Court, the Court will not address same.